Mr. W. Gray Dunlap County Attorney Pinellas County
QUESTION:
Is the Board of County Commissioners of Pinellas County authorized to purchase excess liability insurance for amounts over the monetary limitations fixed by s. 768.28(5), F.S. (1980 Supp.)?
SUMMARY:
The Board of County Commissioners of Pinellas County is authorized to purchase liability insurance for amounts which exceed the monetary limits fixed by s. 768.28(5), F.S. (1980 Supp.), as amended, in anticipation of any claim, judgment or claims bill which it may become liable to pay pursuant to s. 768.28, F.S. (1980 Supp.), as amended by ch. 81-317, Laws of Florida.
Section 768.28, F.S. (1980 Supp.), waives the sovereign immunity for tort liability for the state `and for its agencies or subdivisions' to the extent specified in the statute and subject to the monetary limitations set forth in subsection (5) of s.768.28. During the 1981 session the Legislature amended s. 768.28
to increase the statutory amounts for liability. Chapter 81-317, Laws of Florida, in pertinent part, provides:
 Neither the state nor its agencies or subdivisions shall be liable to pay a claim or a judgment by any one person which exceeds the sum of $100,000 or any claim or judgment, or portions thereof, which, when totaled with all other claims or judgments paid by the state or its agencies or subdivisions arising out of the same incident or occurrence, exceeds the sum of $200,000.
This amendment increased the liability of the state and its agencies and subdivisions for a claim or a judgment by any one person from $50,000 to $100,000, and increased the liability of the state and its agencies and subdivisions for all claims or judgments arising out of the same incident or occurrence, from $100,000 to $200,000. You question whether the Board of County Commissioners of Pinellas County may purchase excess liability insurance coverage for amounts over these statutory limits placed on claims or judgments against the county.
Subsection (5) of s. 768.28, F.S., a portion of which is set out above, as amended, goes on to provide that `a judgment orjudgments may be claimed and rendered in excess of these amounts
and may be settled and paid pursuant to this act up to $100,000 or $200,000, as the case may be, and that portion of the judgment that exceeds these amounts may be reported to the Legislature, butmay be paid in part or in whole only by further act of theLegislature.' (Emphasis supplied.) Thus, it is clear that a county may become liable for amounts above the limits specified in s.768.28(5) if the Legislature enacts a claims bill. Consistent with this potential liability for amounts above the statutory $100,000/$200,000 limit is the legislative recognition of the need for insurance for governmental agencies contained in subsection (10) of s. 768.28. Subsection (10) provides: `Laws allowing the state or its agencies or subdivisions to buy insurance are still in force and effect and are not restricted in any way by the terms of this act.' Finally, expressly authorizing the purchase of liability insurance to pay a claims bill subsection (13) of s.768.28 provides:
 The state and its agencies and subdivisions are authorized to be self-insured, to enter into risk management programs, or to purchase liability insurance for whatever coverage they may choose, or have any combination thereof, in anticipation of any claim, judgment, and claims bill which they may be liable to pay pursuant to this section. (Emphasis supplied.)
These provisions read together as a whole clearly express the legislative intent that a county is authorized to purchase excess liability insurance to cover any claim, judgment, and claims bill for which the county may become liable to pay pursuant to an act of the Legislature. See also AGO 078-127 which concluded that the Tampa Port Authority is empowered to secure liability insurance coverage which exceeds the monetary limitations specified in s.768.28(5), F.S.
Also, as you indicate s. 286.28, F.S., expressly authorizes a county to purchase insurance for `liability for damages on account of bodily or personal injury or death resulting therefrom to any person, or to cover liability for damage to the property of any person or both, arising from or in connection with the operation of any such motor vehicles, watercraft, or aircraft, from the ownership or operation of any such buildings, property, or livestock, or any other such operations, whether from accident or occurrence . . . .' This statute carries with it a waiver of governmental immunity to the extent of such insurance coverage.See AGO 075-248.
Prepared by: Craig Willis, Assistant Attorney General